**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VICKEY JEFFREYS, | : | CIVIL ACTION NO. 15-8470 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| MIDLAND CREDIT MANAGEMENT, INC., | : | |
| Defendant. | : | |

**LINARES, District Judge**

The plaintiff brought this action on behalf of herself and others similarly situated to recover damages for alleged violations of the Fair Debt Collection Practices Act (hereinafter, "FDCPA") by the defendant, Midland Credit Management, Inc. (hereinafter, "MCM"). (See dkt. 1.)[1] MCM now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and to compel arbitration. (See dkt. 15 – dkt. 15-11; dkt. 20; dkt. 21.) The plaintiff opposes the motion. (See dkt. 19.)

The Court will resolve the motion upon review of the papers and without oral argument. See L.Civ.R. 78.1(b). The Court presumes the familiarity of the parties with the factual context and procedural history of the action. The Court will grant the motion for the following reasons.

---

[1] This Court will cite to documents filed on the Electronic Case Filing System ("ECF") by the docket entry numbers with a "dkt." designation and the page numbers imposed by ECF.

## BACKGROUND

The plaintiff had a credit card account with an entity known as Credit One Bank, N.A. (hereinafter, "COBNA"). (See dkt. 1 at 2.) The cardholder agreement for that account contained provisions under the heading "**ARBITRATION**" that required that: (1) "**ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION**"; and (2) "**[A]RBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING**". (Dkt. 15-4 at 2; see dkt. 15-4 at 15 (stating same).)

In addition, the cardholder agreement stated that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced." (Dkt. 15-4 at 2; see id. (barring "pursu[it of] the Claim in any litigation, whether as a class action, private attorney general action, other representative action or otherwise"); see also dkt. 15-4 at 15.)

The cardholder agreement also stated that the "[c]laims subject to arbitration include . . . collections matters relating to your account". (Dkt. 15-4 at 2; see dkt. 15-4 at 15.) Furthermore, the arbitration provisions stated that they applied to: (1) any entity "affiliated" with COBNA; and (2) any of COBNA's predecessors, successors, or assigns. (Dkt. 15-4 at 2; see dkt. 15-4 at 15.)

All of the aforementioned language was preceded by the following statement: "**IMPORTANT NOTICE:** Please read the Arbitration Agreement portion of this

document for important information about your and our legal rights under this Agreement." (Dkt. 15-4 at 2.)

The plaintiff eventually incurred a debt on her account that COBNA determined to be uncollectable. COBNA then charged off the debt, and sold it to an entity known as Sherman Originator III, LLC (hereinafter, "SOLLC"). (See dkt. 1 at 3; dkt. 15-5 at 3, 7.) SOLLC, in turn, sold the debt to Midland Funding, LLC (hereinafter, "MFLLC"), which in turn referred the matter for collection to its servicer, MCM. (See dkt. 15-1 at 10; dkt. 15-5 at 7; dkt. 15-6 at 2–3; see also dkt. 21 at 2 (featuring portion of MCM's webpage describing its affiliation with MFLLC).)[2]

MCM attempted to collect the debt by mailing a letter seeking payment to the plaintiff. (See dkt. 1 at 3; dkt. 1-1 at 1–2; dkt. 15-3 at 18–19.) The plaintiff brought this civil action in response, and alleged that the contents of the letter ran afoul of the FDCPA. MCM, pursuant to the cardholder agreement, demanded that the dispute be referred to arbitration. (See dkt. 15-4 at 2.)

## ARGUMENT & ANALYSIS

I. **Standards**

   A. **Dismissal pursuant to Rule 12(b)(6)**

The standard for resolving a motion made pursuant to Rule 12(b)(6) is well-settled. See Green v. Coleman, 575 Fed.Appx. 44, 46 (3d Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009) in setting forth standard); Mariotti v. Mariotti Bldg. Prods.,

---

[2] MFLLC's affiliation with MCM has been recognized previously. See, e.g., Harris v. Midland Credit Mgmt., Inc., No. 15-4453, 2016 WL 475349, at *2 n.4 (D.N.J. Feb. 8, 2016).

3

Inc., 714 F.3d 761, 764–65 (3d Cir. 2013) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) in setting forth standard); Am. Corporate Soc'y v. Valley Forge Ins. Co., 424 Fed.Appx. 86, 88–89 (3d Cir. 2011) (citing Iqbal and Twombly in setting forth standard); Fowler v. UPMC Shadyside, 578 F.3d 203, 209–12 (3d Cir. 2009) (citing Iqbal and Twombly in setting forth standard).

### B. Compelling arbitration

A private arbitration agreement is enforceable if it: (1) is valid; and (2) applies to the dispute in issue. See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344–45 (2011); Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 525 (3d Cir. 2009); see also 9 U.S.C. § 2 (stating written arbitration agreements are valid and enforceable pursuant to the Federal Arbitration Act).

## II. Plaintiff's arguments

In response to the defendant's demand to arbitrate this dispute pursuant to the terms of the cardholder agreement, the plaintiff raises two arguments in an effort to avoid arbitration and to proceed with this civil action.

### A. MCM's standing

The plaintiff argues that MCM lacks the standing to enforce the provisions in issue because it is a "nonsignatory" to the cardholder agreement. (Dkt. 19 at 8; see dkt. 19 at 8–12.)

It is true that MCM is not a signatory to the cardholder agreement. But as set forth in the factual recitation, see supra, COBNA sold the plaintiff's debt to SOLLC, which in turn sold it to MFLLC, which in turn referred the debt to MCM as MFLLC's servicer.

MCM has been assigned the debt, and thus MCM is authorized to invoke the provisions in issue from the cardholder agreement in order to address the plaintiff's claims here. See Harris v. Midland Credit Mgmt., Inc., No. 15-4453, 2016 WL 475349, at *1–3 (D.N.J. Feb. 8, 2016) (in FDCPA action wherein the same provisions from the instant action were addressed, MCM's request to compel arbitration was granted due to its status as the servicer of MFLLC, which had been assigned a debt originating from COBNA). The plaintiff's argument here is therefore without merit.

### B. Unconscionable

The plaintiff argues that the arbitration provisions and class action provisions are unconscionable, reasoning that they "are adhesive agreements" that "presented . . . terms on a take-it-or-leave-it basis". (Dkt. 19 at 17.) This argument is without merit. See Ellin v. Credit One Bank, No. 15-2694, 2015 WL 7069660, at *1 (D.N.J. Nov. 13, 2015) (holding provisions in COBNA cardholder agreement that were identical to those in issue here were not unconscionable, because the agreement presented the provisions by using bold and capital text, explained their ramifications, and merely required the plaintiff to pursue claims before an arbitrator).

The plaintiff has not argued that she did not agree with the provisions in issue here, but was unable to open a credit card account elsewhere. Thus, she has not shown that COBNA placed her in a "take-it-or-leave-it" predicament. See id. at *1–4; see also Dimick v. First USA Bank, N.A., No. 99-2550, 2000 U.S. Dist. LEXIS 20910, at *7–8 (D.N.J. Jan. 14, 2000) (concluding the "[arbitration] provision effectively puts the cardholder on notice that he/she has relinquished his/her right to litigate claims in court",

and that the provision permitted an avenue to obtain relief, and thus it was not unconscionable). As such, the Court finds that the provisions were neither procedurally nor substantively unconscionable.

## CONCLUSION

For the aforementioned reasons, the Court will grant the motion to dismiss and to compel arbitration. The Court will enter an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** August 18th, 2016